## Hernández *v.* Fernández.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 553.—Resuelto en febrero 2, 1911.

Obligaciones Hipotecarias—Tercero.—No puede merecer la consideración de tercero, a los efectos de exigir el estricto cumplimiento de una obligación hipotecaria inscrita, aquel que, no habiendo intervenido en dicha obligación, y siendo cesionario de la misma a los efectos de gestionar su cobro mediante comisión, tuviera conocimiento del origen y naturaleza de la referida obligación, y de los pactos o convenios habidos entre las partes, que dieran por resultado una modificación de la misma, aunque tales pactos o convenios no hubieren sido inscritos en el registro.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Méndez Vaz.*

Abogado del apelado: *Sr. José Ramon Freyre.*

El Juez Asociado, Sr. del Toro, emitió la opinión del tribunal.

Agustín Hernández Mena presentó una demanda en la Corte de Distrito de Mayagüez, dirigida contra José A. Fernández, en cobro de mil doscientos pesos, alegando sustancialmente que el dicho Fernández le debía la expresada suma procedente de tres pagarés hipotecarios, cada uno por cuatrocientos pesos, que Fernández había otorgado a favor de Manuel Diez y que éste había transferido al demandante por medio de endosos escritos en la siguiente forma: "Páguese a la orden de Agustín Hernández Mena, valor recibido, Maya-

güez, P. R., 29 junio, 1908. Manuel Diez''; y que el importe de dichos pagarés no había sido satisfecho por el demandado ni a Manuel Diez, ni al demandante.

El demandado Fernández contestó negando los hechos de la demanda y alegando como materia nueva que había firmado los pagarés a que se contraía la demanda, en garantía de cierta cuenta corriente que llevaba con la mercantil Nadal y Diez de la cual era socio gestor Manuel Diez, y que la única suma que debía a virtud de dicha cuenta era la de $266.81.

La vista del pleito se celebró el 7 de febrero de 1910, practicándose la prueba presentada por ambas partes consistente en documentos y testigos, y, el día 15 del mismo mes, la corte, después de haber consignado los hechos que estimó probados y de haber establecido como conclusión legal la de que el demandado sólo era responsable por la suma de $266.81, dictó sentencia ordenando que el demandante recobrara del demandado dicha suma, los intereses legales de la misma a partir del 1°. de junio de 1909, fecha de la interposición de la demanda, y las costas.

Contra esa sentencia se interpuso el presente recurso de apelación. Al acto de la vista no comparecieron las partes, pero la apelante alegó por escrito que la corte sentenciadora había infringido el artículo 27 de la Ley Hipotecaria en relación con el 144 de la misma ley y además el 153 de la propia Ley Hipotecaria y concordantes del reglamento para su ejecución.

Un examen cuidadoso de las alegaciones y de las pruebas, demuestra que en efecto José A. Fernández otorgó los pagarés de que se trata, en garantía de su cuenta corriente con la casa mercantil Nadal y Diez, de la cual era socio gestor Manuel Diez. Este era pariente político de Fernández y había garantizado personalmente a la sociedad la cuenta de Fernández. Los pagarés vencían el 30 de junio, el 30 de septiembre y el 30 de diciembre, todos del año 1907. En junio 29 de 1908, Manuel Diez los endosó al demandante Hernández Mena y la evidencia tiende a probar además que Hernández Mena cono-

cía perfectamente el origen de dichos pagarés y cual era su valor verdadero, que Hernández Mena no satisfizo precio alguno y que los pagarés le fueron endosados para su cobro al 50 por ciento. Con posterioridad al endoso de los pagarés al demandante, Manuel Diez envió a Fernández su cuenta corriente con Nadal y Diez, con una nota que, copiada a la letra, dice así: "Estimado Don Pepe: Vea si puede conseguir *hayudarnos* con esta suma que resulta debernos, para que recoja los tres *pagaréses* hipotecarios por $400 cada uno que me otorgó el año pasado para garantizar su cuenta que saldó y que hoy sólo responden a estos $266.81. La mala cosecha nos tiene locos con nuestros compromisos y día hay que solicitemos su *hayuda* en este sentido. Suyo ffmo. amigo y pariente, (Firmado) Manuel."

Manuel Diez falleció y Hernández Mena presentó entonces su demanda en este pleito.

Expuestos los anteriores hechos, se concluye fácilmente que la corte sentenciadora no cometió los errores que se le atribuyen.

La prueba demuestra que el demandado sólo debía la suma de 266 pesos 81 centavos y esa suma es la única que puede en justicia obligársele a pagar, teniendo en cuenta además que la prueba tiende a demostrar, y bien claramente a nuestro juicio, que al adquirir los pagarés, el demandante Hernández Mena sabía cual era el origen y el valor verdadero de los mismos, no satisfizo precio alguno por ellos, y los recibió para su cobro al 50 por ciento.

Es deudor aquel de quien, contra su voluntad, se puede cobrar lo que debe. Deja de ser deudor el que tiene excepción legítima que no es contraria a la equidad natural. En caso de duda, debe seguirse el criterio favorable al deudor. (Scaevola, Principios Generales del Derecho Civil, p. 92.)

*Semper in dubiis benigniora praeferenda sunt.* (Digesto Lib. L. Tít. XVII, regla 56.) En los casos dudosos siempre se ha de preferir lo que es más conforme a la equidad. *Aequitas in dubio praevalet.* En lo dudoso debe prevalecer la equi-

dad. (Scaevola, Principios Generales del Derecho Civil, p. 99.)

'. Habiendo en consideración todo lo expuesto, el recurso debe declararse sin lugar y confirmarse la sentencia recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados, MacLeary y Wolf.

El Juez Presidente, Sr. Hernández, y Asociado, Sr. Aldrey, no intervinieron en la resolución de este caso.